| | |
|---|---|
| **KIMBERLY SINGH,**<br><br>**Plaintiff**<br><br>**v.**<br><br>**GC SERVICES INTERNATIONAL, LLC**<br>**And GC SERVICES LIMITED**<br>**PARTNERSHIP,**<br><br>**Defendants** | **COMPLAINT**<br>**WITH DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.  This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), The Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227, *et seq.*, North Carolina's Prohibited Practices by Collection Agencies Act at N.C. Gen. Stat. § 58-70-90 *et. seq.* ("NCPPCA") and out of the invasions of Plaintiff's personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

## JURISDICTION AND VENUE

2.  Jurisdiction of this Court is proper pursuant to 28 U.S.C. §§1331 and 1367.

3.  Venue lies properly in this district pursuant to 28 U.S.C. §1391(b)(2) and the acts and transactions occurred in Mecklenburg County, North Carolina, Plaintiff resides in Mecklenburg County, North Carolina, and Defendants and their agents transact business in Mecklenburg County, North Carolina.

4.      This case is brought within one year of the violations in compliance with the statute of limitations at 15 U.S.C. § 1692k(d) and within four years of violation of state law.

## PARTIES

5.      Plaintiff Kimberly Singh is a natural person who resides in the town of Huntersville, County of Mecklenburg, State of North Carolina, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.      Plaintiff is also a "consumer" as defined by North Carolina's Prohibited Practices by Collection Agencies statute at N.C. Gen. Stat. § 58-70-90(2).

7.      Defendant GC Services International, LLC, (hereinafter "GC International") is a collection agency and a Delaware limited liability company operating from an address of 6330 Gulfton, Houston, TX and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8.      GC International was and is also a "collection agency" as defined by North Carolina's Prohibited Practices by Collection Agencies statute at N.C. Gen. Stat. §§ 58-70-15 and 58-70-90.

9.      Defendant GC Services Limited Partnership, (hereinafter "GC Limited") is a collection agency and a Delaware limited partnership believed to be operating from an address of 6330 Gulfton, Houston, TX and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10.     GC Limited was and is also a "collection agency" as defined by North Carolina's Prohibited Practices by Collection Agencies statute at N.C. Gen. Stat. §§ 58-70-15 and 58-70-90.

11.     Upon information and belief, Defendants were attempting to collect an alleged credit card debt.

12.      Defendants are engaged in the collection of debts from North Carolina consumers using the mail, internet and the telephone among other means.

13.      Defendants regularly attempt to collect consumer debts alleged to be due to another.

14.      At all times relevant to the subject matter of this Complaint, Defendants were engaged in commerce in North Carolina.

## FACTUAL ALLEGATIONS

15.      Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

16.      The alleged debt in this matter is also a "debt" alleged to be owed as defined by North Carolina's Prohibited Practices by Collection Agencies statute at N.C. Gen. Stat. § 58-70-90(3).

17.      Sometime thereafter, the alleged credit card debt was consigned, placed or otherwise transferred to Defendants for collection from this Plaintiff.

18.      In January 2015 Plaintiff began to receive numerous telephone calls from Defendants' agents in attempts to collect a debt.

19.      Defendants placed multiple automated calls per day to Plaintiff's cellular telephone for several months prior to the filing of this action leaving voicemails nearly every time it called.

20.      During the three month period from January 10, 2015 through April 28, 2015 Defendants placed at least 263, (an average of 2.4 per day), collection calls to the Plaintiff's cellular telephone.

21.     Plaintiff received five (5) or more debt collection telephone calls from Defendants on her cellular telephone on at least January 21, 2015; January 23, 2015; January 24, 2015; January 27, 2015; January 28, 2015; January 29, 2015; January 31, 2015; February 3, 2015; February 4, 2015; February 5, 2015; February 6, 2015; February 13, 2015; April 4, 2015; April 6, 2015; April 8, 2015; April 9, 2015; April 10, 2015; April 24, 2015; and April 27, 2015.

22.     These telephone calls were "communications" in an attempt to collect a debt as defined at 15 U.S.C. 1692a(2).

23.     In no verbal communication with Plaintiff did any agent of Defendants inform her that they were attempting to collect a debt and that any information obtained would be used for that purpose.

24.     All of the above-described collection communications made to Plaintiff by Defendants were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(5), 1692e(11), and 1692f, amongst others.

## FIRST CAUSE OF ACTION

**Violations Of The Fair Debt Collection Practices Act**
**15 U.S.C. § 1692 *et seq.***

25.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.     Defendants in placing an excessive number of telephone calls to Plaintiff's cellular phone and leaving a voicemail on most calls has engaged in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt in violation of the FDCPA at 15 U.S.C. § 1692d and § 1692d(5).

27. Defendants in failing to disclose to Plaintiff in all verbal communications that it was a debt collector attempting to collect a debt and that any information obtained would be used for that purpose has violated the FDCPA at 15 U.S.C. § 1692e(11).

28. Defendants in placing an excessive number of telephone calls to Plaintiff's cellular phone and leaving a voicemail on most calls, has used unfair or unconscionable means to collect or attempt to collect a debt in violation of the FDCPA at 15 U.S.C. § 1692f.

29. The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to this Plaintiff.

30. The actions of Defendants and their agents have proximately caused injury to Plaintiff in the form of emotional distress, humiliation, embarrassment, and mental anguish.

31. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants.

## SECOND CAUSE OF ACTION

**Violations of the North Carolina Prohibited Practices by Collection Agencies Statute
N.C. Gen. Stat. §58-70-90, *et. seq.***

32. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

33. Defendants in placing an excessive number of telephone calls to Plaintiff's cellular phone or causing it to ring with unreasonable frequency and leaving a voicemail on most calls has engaged in conduct the natural consequence of which is to harass, oppress, or abuse

the Plaintiff in connection with the attempt to collect a debt in violation of the NCPPCA at N.C. Gen. Stat. § 58-70-100(3).

34. Defendants in communicating with Plaintiff without disclosing that it was a debt collector attempting to collect a debt has attempted to collect a debt by fraudulent, deceptive or misleading representations and has repeatedly violated the NCPPCA at N.C. Gen. Stat. § 58-70-110(2).

35. As a result of Defendants' violations of the North Carolina Prohibited Practices by Collection Agencies Act, the Plaintiff is entitled to actual damages and to statutory damages in an amount not less than $500.00 but no greater than $4,000.00 per violation pursuant to N.C. Gen. Stat. §58-70-130; and, reasonable attorney's fees and costs pursuant to N.C. Gen. Stat. §75-16.

36. The above violations of the North Carolina Prohibited Practices by Collection Agencies Act constitute unfair or deceptive acts or practices proscribed in N.C. Gen. Stat. 75-1.1 and may entitle the Plaintiff to treble or punitive damages in addition to any other damages suffered.

37. The actions of Defendants and their agents have proximately caused injury to Plaintiff in the form of emotional distress, humiliation, embarrassment, mental anguish, attorney fees and other expenses.

38. The above-detailed conduct by these Defendants of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA and NCPPCA, including but not limited to all of the above-mentioned provisions of the FDCPA and NCPPCA, as well as an invasion of Plaintiff's privacy and resulted in actual damages to Plaintiff.

## THIRD CAUSE OF ACTION

Violations of the Telephone Consumer Protection Act
47 U.S.C §227, et seq.

39.     The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

40.     Defendants used an automatic telephone dialing system or a prerecorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

41.     Plaintiff did not expressly consent to Defendants' placement of telephone calls to her cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendants' placement of the calls.

42.     None of Defendants' telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

43.     Upon information and belief, Plaintiff told Defendants to stop calling her on her cellular telephone.

44.     Defendants willfully or knowingly violated the TCPA by continuing to place calls to Plaintiff's cellular telephone after being told not to do so.

### Summary

45.     The above-detailed conduct by Defendants of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, TCPA and NCPPCA, including but not limited to all of the above mentioned provisions of the FDCPA, TCPA and NCPPCA, as well as an invasion of Plaintiff's privacy and resulted in actual damages to Plaintiff in the form of emotional distress and otherwise.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

1. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants and for Plaintiff;

2. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants and for Plaintiff;

3. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against the Defendants and for Plaintiff;

## COUNT II

## VIOLATIONS OF THE NCPPCA

1. For an award of actual damages in an amount to be determined at trial and $4000 in statutory damages per violation pursuant to the violations of N.C. Gen. Stat. § 58-70-90, *et. seq.* alleged therein;

2. For an award of costs of litigation and reasonable attorney's fees pursuant to N.C. Gen. Stat. § 75-16.1 from the Defendants;

3. For an award of any discretionary costs as may be allowable by law, pre-judgment and post-judgment interest from the Defendants;

4. For an award of treble or punitive damages if by law allowed.

5. For a trial before a jury on all issues so triable;

6. For such other and further relief as may be just and proper.

## COUNT III

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

1.  That the Court declare that Defendants' calls violate the TCPA;

2.  That the Court issue a permanent injunction prohibiting Defendants from placing non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent;

3.  For an award of actual damages in an amount to be determined at trial and $500.00 in statutory damages per violation and $1,500.00 for each willful or knowing violation pursuant to 47 U.S.C §227 (b)(3);

4.  For a trial before a jury on all issues so triable;

5.  For such other and further relief as may be just and proper.

This the 5th day of February, 2016                    Respectfully submitted,

                                                      s/ Travis E. Collum
                                                      Travis E. Collum
                                                      N.C. Bar No. 29158
                                                      Collum & Perry, PLLC
                                                      Post Office Box 1739
                                                      Mooresville, NC 28115
                                                      Telephone: (704) 663-4187
                                                      Facsimile:  (704) 663-4178
                                                      travis@collumperry.com
                                                      Attorney for Plaintiff